[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction of robbery first degree, in violation of General Statutes § 53a-134(a); threatening, in violation of General Statutes § 53a-62(a)(1); and kidnapping first degree with a firearm, in violation of General Statutes § 53a-92a, for which judgment the petitioner received a total, effective sentence of thirty-six years imprisonment.
The petitioner claims, in a two count, amended petition, that his confinement is unlawful because his trial counsel, Attorney Richard Perry, rendered ineffective assistance by failing to advise and assist the petitioner properly regarding the taking of an appeal from the judgment of conviction and by failing to call as defense witnesses at his criminal trial, Susan Donadio Davis (Donadio), and Robert Will.
Perry, a highly experienced criminal trial lawyer, was appointed as a special public defender to represent the petitioner, who was charged, along with his cousin, Robert Will, with the armed robbery of the Graffiti Lounge in Waterford on June 7, 1990. At that trial Perry declined to call Donadio or Will as witnesses. After sentencing, the petitioner was notified, in writing, by the court clerk of his right to appeal his conviction. No appeal was taken.
 I
As to the first count, the petitioner contends that Perry rendered ineffective assistance by failing to ensure that the petitioner's appeal commenced in a timely manner. The petitioner testified at the habeas hearing that Perry did discuss the possibility of filing an appeal with the petitioner and that Perry told the petitioner that he had few appealable issues. The petitioner also stated that he informed Perry he wished to appeal his conviction but that Perry never followed through on this request.
Perry also testified at the habeas hearing. He stated that, after sentencing, he discussed the petitioner's appellate rights with him. He also recollected advising the petitioner that he saw no basis for an appeal. Perry's recollection differs from the petitioner's, however, in that Perry stated the petitioner never communicated a desire to appeal to him. Perry recounted that he explained to the petitioner that, if he decided to pursue an CT Page 10955 appeal, he must contact Perry or the public defender's office for the New London Judicial District, to notify them of his decision. According to Perry and Public Defender Bruce A. Sturman, who also testified at the habeas hearing, the petitioner relayed no such request to appeal his conviction.
Credibility is for the trier-of-fact to determine. The court finds Perry's testimony to be credible and accurate, and the court concludes that the petitioner never informed Perry of his desire to file an appeal, despite Perry's instructions to him in the event the petitioner wished to appeal. The burden of proof in a habeas matter is on the petitioner to prove his allegations by a preponderance of the evidence, Johnson v. Commissioner, 218 Conn. 403,425 (1991). With respect to the first count, the petitioner has failed to meet his burden of proving Perry improperly advised and assisted him regarding the taking of an appeal. On the contrary the court finds that the failure to perfect an appeal was the result of the petitioner's inaction rather than any omission by Perry.
 II
Turning to the second count of the petition, our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden, 26 Conn. App. 758,761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
 A.
Perry testified that he decided against calling Donadio, then the girlfriend of the petitioner and now his wife, as a defense CT Page 10956 witness because Perry had reviewed a police report which summarized an oral interview between law enforcement officers and Donadio, wherein Donadio made several statements strongly implicating the petitioner in the robbery (Respondent's Exhibit 1). The statements indicate that the petitioner admitted committing the robbery to Donadio, that the petitioner made extensive efforts to elude the police by fleeing the state, and the petitioner coaxed Donadio to lie to the police.
Perry felt that calling Donadio to testify would have had a detrimental effect on the petitioner's case. Donadio, if called as a witness, would have been confronted by her earlier statements and would have either reiterated or recanted them. In either case, highly damaging evidence would have come before the jury from the mouth of the petitioner's girlfriend, even if only for the purpose of attacking her credibility. Perry concluded that the safer course was to decline to call Donadio as a witness. The court concurs with Perry's conclusion. The court finds that Perry's decision in this regard was well within the bounds of effective, professional representation.
 B.
Perry also never called Will to testify for the defense, nor did he interview Will, though Perry did speak to Will's attorney about the case. In Perry's opinion Will was a loose cannon and was burdened by an extensive, felony record. As noted above our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims, Johnson v. Commissioner,218 Conn. 403 (1991), p. 425. Under this standard, the petitioner must prove both that his trial attorney's performance was deficient, and that this deficient performance prejudiced his defense, Id. p. 424. If it is easier to dispose of the claim on the ground of insufficient prejudice, the habeas court need not address the question of counsel's performance, Pelletier v. Warden,32 Conn. App. 38 (1993), p. 46. Because the court concludes that an examination of the prejudice component of the Strickland test is dispositive, the court proceeds to address that issue directly.
In order to satisfy the prejudice prong of the Strickland
test, the petitioner must prove, by a preponderance of the evidence, that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, Levine v. Manson, 195 Conn. 636 (1985), p. 640. Reasonable probability means a probability sufficient to CT Page 10957 undermine confidence in the verdict, Bunkley v. Commissioner,222 Conn. 444 (1992), p. 454; that is, the petitioner must show that there is a reasonable probability that he remains burdened by an unreliable determination of guilt, Id.
Will testified at the habeas hearing that, had he been called to testify at the petitioner's criminal trial, he would have declared that the petitioner was not his accomplice in the robbery. The court's observation of this witness, in conjunction with the other evidence in this case, causes the court to find this witness' testimony less than credible. His exoneration of the petitioner appears based on a desire to relieve his cousin of the burden of the conviction rather than a desire to recount the events of the robbery truthfully.
The court also finds it is unlikely that Will's testimony would have reached the jury in any event. Will adamantly refused to answer questions pertaining to the identity of his accomplice except to proclaim that the petitioner was not the accomplice. Had Will testified at the petitioner's criminal trial, the prosecution undoubtedly would have pursued this line of questioning. Will's refusal to answer this legitimate inquiry most certainly would have provoked a request to strike his entire testimony. The court finds that Will would have persisted in refusing to name his companion in crime and that the trial court would have had little choice but to instruct the jury to disregard Will's testimony, State v.Maldonado, 193 Conn. 350, 358 (1984); State v. Altrui, 188 Conn. 161,170 (1982).
Even if Will's testimony were admitted despite his resistance to disclosing his accomplice, it is unlikely this evidence would have had significant impact in the case. Will's former girlfriend, Dani Carlson, also testified at the petitioner's criminal trial. She indicated that, after the robbery, the petitioner returned to her room and admitted, in detail, participating, along with Will, in the robbery. (Respondent's Exhibit 2, p. 189 ff). This admission, along with the other evidence implicating the petitioner, overshadows any testimony Will might have given denying the petitioner's involvement. As noted above, Will was a weak witness and subject to extensive cross-examination by the prosecution.
Assuming, arguendo, that Perry's advocacy was substandard for failing to call Will as a witness, the court holds that the petitioner has failed to meet his burden of proving, by a CT Page 10958 preponderance of the evidence, that there exists a reasonable probability that, but for this omission, the outcome of the petitioner's criminal trial would have been different.
For these reasons, the petition is dismissed.
Sferrazza, J.